UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN MCCHRISTON,<br><br>            Plaintiff,<br>v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>            Defendant. | 18-cv-00185 |

**DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Diversified Consultants, Inc. (DCI), through counsel and under Federal Rule of Civil Procedure 56 and Local Rule 56.1, submits this memorandum in support of its Motion for Summary Judgment, seeking judgment as a matter of law on the Complaint filed by plaintiff, Jonathan McChriston (Plaintiff), and states:

### I. INTRODUCTION

Plaintiff filed this action alleging DCI violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, by impermissibly obtaining his credit report on two occasions. Plaintiff's claims, however, fail as a matter of law under the FCRA. The law is clear – a debt collector is permitted to pull a consumer's credit report in connection with the collection of an account. DCI obtained plaintiff's credit report for a permissible purpose and is entitled to judgment as a matter of law.

### II. STATEMENT OF FACTS

1

DCI respectfully refers the Court to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts and the affidavit of David Goodwin for a recitation of the applicable material undisputed facts. However, because the facts are relatively straightforward, DCI summarizes them here as well.

DCI provides third-party debt collection services to Verizon and Time Warner. Goodwin Aff. ¶ 6. On December 10, 2014, Verizon placed an account in plaintiff's name with DCI for collection. *Id.* ¶ 7. On the same day, DCI requested plaintiff's TransUnion credit report in connection with the collection of plaintiff's Verizon account. *Id.* ¶ 8. On June 10, 2015, DCI closed and returned the account to Verizon. *Id.* ¶ 9.

On June 24, 2016, Time Warner Cable placed an account in plaintiff's name with DCI for collection. *Id.* ¶ 10. On the same day, DCI requested plaintiff's TransUnion credit report in connection with the collection of plaintiff's Time Warner account. *Id.* ¶ 11. On July 20, 2016, DCI placed a cease and desist on the account. *Id.* ¶ 12.

On January 9, 2018, plaintiff filed this action alleging, "[o]n December 10, 2014 and June 24, 2016 Defendant [DCI] obtained the Trans Union consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b." Dkt. 1. ¶ 21. DCI filed its answer on March 6, 2018, and now moves for summary judgment on all claims.

### III.   LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 56, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion

for summary judgment, the Court must view all facts and reasonable inferences in the light most favorable to the non-moving party. *Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 85 (2d Cir. 2006). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted). Once the moving party has met the burden of showing that no genuine issue of material fact exists, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claim and establishing the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002) (non-moving party must "go beyond the pleadings" and designate "specific facts showing that there is a genuine issue for trial") (quoting *Celotex*, 477 U.S. at 324).

Not every factual dispute between the parties will prevent summary judgment; the disputed facts must be material; they must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson*, 477 U.S. at 248. A dispute must also be genuine. The facts must be such that, if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.*

Courts "are less demanding of [*pro se*] litigants generally, particularly where motions for summary judgment are concerned." *Jackson v. Fed. Express*, 766 F.3d 189,

3

195 (2d Cir. 2014). This lower standard for *pro se* plaintiffs, however, does not "relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen*, 351 F.3d at 50 (quotation marks and citations omitted).

    **A.**    <u>***DCI Obtained Plaintiff's Credit Report For a Permissible Purpose.***</u>

As plaintiff acknowledges in the Complaint, the FCRA permits access to a consumer's credit report when a permissible purpose exists. 15 U.S.C. § 1681b; *see also* Compl. ¶ 15. In fact, the FCRA provides several permissible purposes to access a consumer's credit report, including where the party pulling the credit report "intends to use the information in connection with . . . review or collection of an account of . . . the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Numerous courts have held the "review or collection of an account" includes a debt collector's attempt to collect a debt. *See, e.g.*, *Campbell v. Portfolio Recovery Assocs., LLC*, No. 16CV00072AMDMDG, 2017 WL 5067475, at *2 (E.D.N.Y. Sept. 8, 2017) ("Courts have unanimously held that 'obtaining a plaintiff's credit report for the purpose of collecting the debt owed' is a permissible propose under Section 1681b, and therefore, 'constitutes a complete defense' to a FCRA claim") (citation omitted); *Ritchie v. N. Leasing Sys., Inc.*, No. 12-CV-4992 (KBF), 2016 WL 1241531, at *15 (S.D.N.Y. Mar. 28, 2016), *aff'd sub nom. Ritchie v. Taylor*, 701 F. App'x 45 (2d Cir. 2017) ("Plaintiff does not dispute that LFG intended to use plaintiff's credit report to attempt to collect on her account . . . . This is enumerated as a permissible purpose under 15 U.S.C. § 1681b(a)."); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, No. 08–CV–4207, 2012 WL 1038804, at *5 (E.D.N.Y. Mar. 28, 2012) ("[O]btaining information in order to collect debt is a permissible

4

purpose . . ."); *Stonehart v. Rosenthal*, No. 01 CIV. 651 (SAS), 2001 WL 910771, at *4 (S.D.N.Y. Aug. 13, 2001) ("The referral of [the plaintiff's] debt for collection gave [the defendant debt collector] a permissible purpose for obtaining her credit report pursuant to section 1681b. Thus, [the defendant debt collector] had a permissible purpose under section [1681b(a)(3)(A)].") (citation omitted); *Edge v. Prof'l Claims Bureau, Inc.*, 64 F.Supp.2d 115, 118 (E.D.N.Y. 1999) ("At the time that [the defendant debt collector accessed the plaintiff's credit report], it had been referred a debt for collection, guaranteed by Plaintiff, from [a third party]. . . . This is a clearly permissible purpose under Section [1681(a)(3)(A) ]. The existence of this permissible purpose constitutes a complete defense . . . ."), *aff'd*, 234 F.3d 1261 (2d Cir. 2000).

The critical issue under Section 1681b(a)(3)(A) is the debt collector's *intent* to use the credit report information for a permissible purpose, not whether the debtor agrees the debt is owed. If a debt collector had reason to believe it obtained the credit information for a permissible purpose, there is no liability under Section 1681b(a). *See, e.g.*, *Trikas v. Universal Card Services Corp.*, 351 F. Supp. 2d 37, 41-42 (E.D.N.Y. 2005) (holding "the plain language of [15 U.S.C. § 1681(a)(3)(A)] . . . focuses on the *intent* of the party obtaining the consumer report" and concluding defendant "did not plot or plan to obtain [p]laintiff's credit report for any ostensibly impermissible purpose") (emphasis in original); *Beckstrom v. Direct Merchant Credit Card Bank*, No. Civ. 04-1351, 2005 WL 1869107 at *3 (D. Minn. Aug. 5, 2005) (granting summary judgment where defendant "had reason to believe that [p]laintiff had defaulted on [an] account," even though "it was later discovered that [p]laintiff did not own the . . . account," because "the FCRA is not violated if the entity

seeking the credit report made a good faith error in pulling the report"); *James v. Interstate Credit & Collection, Inc.*, No. Civ.A.03-CV-1037, 2005 WL 1806501, at *4 (E.D. Pa. July 29, 2005) (holding debt collector had permissible purpose to access plaintiff's credit report so long as collector had reason to believe the plaintiff owed the debt); *Stonehart*, 2001 WL 910771, at *4 (holding debt collector had a permissible purpose in obtaining credit report for debt collection purposes where plaintiff disputed the amount, but not the existence, of the debt).

Here, the undisputed evidence proves DCI intended to use plaintiff's credit report for a permissible purpose. DCI requested plaintiff's credit report on December 10, 2014 in connection with plaintiff's Verizon account placed with DCI for collection. DCI requested plaintiff's credit report on June 24, 2016 in connection with plaintiff's Time Warner account placed with DCI for collection. Each time, DCI requested the credit report to confirm information for the purpose of attempting to collect on plaintiff's account. Such a use of credit report information is clearly for a permissible purpose. *See, e.g.*, *Caldwell*, 2012 WL 1038804, at *5 ("[O]btaining information in order to collect debt is a permissible purpose . . ."); *Blanc v. Palisades Collection, LLP*, No. 06 CIV. 1626 (CLB), 2007 WL 3254381, at *9 (S.D.N.Y. Nov. 1, 2007) (granting summary judgment on FCRA impermissible purpose claim where debt collector sought credit report information such as whether plaintiff filed for bankruptcy in its attempted debt collection). Plaintiff's conclusory allegations that DCI obtained or used his "report for an impermissible purpose are insufficient to create a material issue of fact." *Rumbough v. Experian Info. Sols., Inc.*, 626 F. App'x 224, 226 (11th Cir. 2015).

>    B. ***Plaintiff's argument that DCI obtained his credit report without a permissible purpose under a definition of "Account" referenced in Section 1681a fails because it is contrary to well-supported statutory interpretation.***

Based on a definition of "Account" cross-referenced in Section 1681a of the FCRA, plaintiff argues that the "collection of an account" is a permissible purpose only when the account is "a demand deposit, savings deposit, or other asset account . . . established primarily for personal, family, or household purposes." Compl. ¶ 19. Plaintiff further contends because the "definition of 'account' clearly does not include an account such as a credit card open end credit account," and plaintiff never had a "demand deposit account, savings deposit or other asset account" with DCI, that "there was obviously no permissible purpose" for DCI's credit report pull. *Id.* ¶ 20. Plaintiff is wrong.

Plaintiff fails to cite any authority to suggest that collecting on a debt such as plaintiff's Time Warner or Verizon accounts would not meet the definition as used in Section 1681b(a)(3)(A). Indeed, several courts around the country have rejected this theory. *See, e.g.*, *Anutani v. Diversified Consultants Inc.*, No. CV 16-4221, 2017 WL 75781, at *1 n.2 (E.D. Pa. Jan. 9, 2017) (holding that exclusion of credit card debt collection from the FCRA's permissible purpose definition "would contradict the holding in *Huertas [v. Galaxy Asset Mgmt*., 641 F.3d 28, 34 (3d Cir. 2011)] that the collection of a debt on a credit account is a permissible purpose" and reasoning that "limiting the permissible purpose provision to 'collection of' checking, savings, or other asset accounts would render the provision incoherent, since asset accounts do not generally involve a 'collection'"); *Valle v. RJM Acquisitions, LLC*, No. 3:12-CV-00957, 2015 WL 739855, at *3 (D. Conn. Feb. 19, 2015) (rejecting an argument that a student loan was not an "account"

7

under the FCRA and concluding that a debt collector could obtain a consumer credit report in order to collect the outstanding debt); *Demaestri v. Asset Acceptance Capital Corp.*, Nos. 11-cv-1671, 11-cv-1672, 2012 WL 1229907, at *4 (D. Colo. Mar. 14, 2012) (concluding that the definition of "account" in 15 U.S.C. § 1693a does not apply to the permissible purpose provision at 15 U.S.C. § 1681b(a)(3)(A) and finding plaintiff's argument "baseless"); *see also Forgues v. Select Portfolio Servicing, Inc.*, 690 F. App'x 896, 904–05 (6th Cir. 2017) (holding that plaintiff's argument that a mortgage was not included within the FCRA's "account" definition "misses the mark" because "[t]here is no affirmative requirement that credit reports only include 'accounts' as defined in the statute. Indeed, such a restriction would be nonsensical, as it would exclude standard lines of credit from credit reports."). Plaintiff's "account" definition argument is meritless and should be rejected. DCI clearly obtained plaintiff's credit report for a permissible purpose as allowed under the FCRA. Therefore, DCI should be entitled to judgment as a matter of law.

## IV. CONCLUSION

Given the foregoing, defendant, Diversified Consultants, Inc., respectfully requests this Court grant Defendant's Motion for Summary Judgment, and such other relief as this Court deems proper.

Dated: September 14, 2018                    Respectfully Submitted,

*Kirsten H. Smith*
Kirsten H. Smith, Esq. (#ks3337)
SESSIONS, FISHMAN, NATHAN & ISRAEL
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Phone:  (504) 846-7943
Fax:  (504) 828-3737
Email: ksmith@sessions.legal
Counsel for Defendant,
Diversified Consultants, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2018, a copy of the above and foregoing was served on plaintiff via electronic mail and U.S. mail at his address of record listed below.

Mr. Jonathan McChriston
127 Edgecombe Ave.
Apt. 4B
New York, NY 10030

*/s/ Kirsten H. Smith*
Kirsten H. Smith

.