UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------

JONATHAN MCCHRISTON,   18-CV-185 (VEC) (BCM)

       Plaintiff,

Vs.

DIVERSIFIED CONSULTANTS, INC.,

       Defendant.

-------------------------------------------------

## PLAINTIFF JONATHAN MCCHRISTON RESPONSE TO DEFENDANT DIVERSIFIED CONSULTANTS, INC MOTION FOR SUMMARY JUDGMENT

### I. RESPONSE TO DEFENDANT'S INTRODUCTION AND STATEMENTS OF FACTS LAW

The Fair Credit Reporting Act is clear that debt collectors have to have permissible purpose to access a persons credit file for collection of an account. Diversified Consultant Inc., (DCI)obtained plaintiff's credit report without permissible purpose. Plaintiff never had any accounts with defendant.

Diversified Consultant Inc., haven't provided any proof of claim that they are collecting debts for Verizon and time warner. The FCRA sub section 604 15 U.S.C. sub section 1681b states:

(a) In general. Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1). In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceeding before a Federal grand jury.

(2). In accordance with the written instructions of the consumer to whom it relates.

(3). To a person which it (consumer reporting agency) has reason to believe

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, review or collection of an account of the consumer, or

15 USC subsection 1681(a)(3)(A) pertains to the "Credit Reporting Agency" (CRA) and not to the collector or furnisher of information. This language quite clearly outlines the responsibility of the CRA to determine that they are furnishing a credit report to an entity or individual who the CRA has "reason to believe" has a legitimate purpose. According to the law, The CRA is the entity identified in the law to furnish a credit report and only to that entity.

This section of the FCRA applies to CRA and its reason to believe that the entity (collector or furnisher of information) they are supplying with my personal information has a legal and legitimate purpose for having it and that they can be trusted to use my information for no other purpose. Diversified Consultant Inc., cannot rely on a section of the statute that clearly does not apply to them. Courts have mistakenly "assumed" that first the collector and furnisher of information have certified to the CRA that they do have a permissible purpose, that there is an "account" belonging to plaintiff that they have somehow acquired the authority to collect on and the CRA would not give them plaintiff credit report if this were not true. This is a problem.

How did Diversified Consultant Inc., get my information in the first place? Did a human being from Diversified consultant call up the Credit reporting Agency and request Plaintiff's credit report? That was not the case. Does a human being from Diversified Consultant Inc., fill out an application for Plaintiff credit report containing not only the justification for the request but some kind of documentation proving that the alleged account in fact does belong to Plaintiff? That is not what happens. The law clearly defines the procedure for certification to the Credit reporting Agencies that Diversified Consultant had a permissible purpose to obtain plaintiff credit report:

Subsection 1681e defines the procedures for certification. "These procedures shall require that *prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.*" 15 USC subsection 1681e(a)

This is a major problem. The Credit Reporting Agencies do not require that an entity identify who they are and certify the purpose and intention each time Diversified Consultants Inc. ELECTRONICALLY request a consumer report. What happens instead is they fill out an application for "an account number" with the Credit Reporting Agencies when first they begin doing business with them making a "promise not to use any information acquired for any purpose not allowed under the FCRA". The CRA is not even asking on an individual basis (meaning plaintiff) if the "transaction connected to an account" is legitimate, belongs to plaintiff or even exist. The CRA are simply accepting that the collector or furnisher of information is making the request must be telling the truth because when they got their account number they "promised" to behave. Yeah well, if they get nothing but second hand digital information to an automated system which makes an automated decision and automatically requests a credit report, how can anything in this chain of information be CERTIFIED as accurate? And how do we know that it's all second hand digital information ? This too is well documented;

*Rosenau v. Unifund Corp U.S.D. 3rd Cir., No. 07-3019 June 2008* the Court stated; "Unifund purchases old consumer debt. It buys the debt from credit card companies in the form of data files that contain

information on thousands of consumer accounts. Unifund 's proprietary software then runs queries to determine which accounts Unifund will pursue for collection and which it will resell. Once the system has flagged the accounts that will be collected, another automated process generates letters that are mailed to consumers to begin the collection efforts. Unifund mails about 2,000 of these collection letters each day."

All the debt buyers use the same process and once the computer determines who to go after and which accounts to dump or ignore the collection process begins. The letters are sent automatically and the computer will generate a request for credit reports as well into the digital data system of the CRA by using the name of the company and the account number assigned to it by the CRA. There is no individual certification. There was none. There was no human intervention. None at all. There was no permissible purpose . No permissible purpose exist!

*Section FCRA 607 (15 USC subsection 1681e)* has a good explanation of the required procedures and the reason they are so often violated. This section requires the credit bureaus to have reasonable procedures to prevent impermissible accesses to consumers credit reports. Unfortunately, the CRA procedures are not that good. Other than the initial investigation of a new user before the CRA will start selling report to it, the CRA only require a "certification" that the user is getting the credit report for a permissible purpose. The problem is that the user can "certify" any reason it wants that is permissible whether it's really the reason why it's getting the credit report or not. Only after the user gets caught will the CRA be on notice that the user is not using the credit report for a permissible purpose, which then causes the last sentence of 1681e(a) to kick in.

This explains why, when Plaintiff disputed the inquires with Diversified Consultants Inc., June 10, 2015 DCI closed and returned the account to its original owner. And July 20, 2016 DCI placed a cease and desist on the account. The inquires were suddenly closed, cease and desist without explanation.

Since there is no individual certification and no human intervention and 15 USC subsection 1681(a)(3)(A) (A clearly applies only to the CRA, we are left with but one issue and that is; on just exactly what does the CRA base its "reason to believe"? Nothing but a onetime promise from the collector and furnisher of information .

The United States Supreme Court has stated very clearly that the judiciary must look to the "plain language of the statutes" to determine the intent of the legislators. "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain 503 US 249 (1992);* "the legislative purpose is expressed by the ordinary meaning of the words used. "*Richard et al. v. United States et al. 369 US 1 (1962).*

## II.     RESPONSE TO DEFENDANT'S LAW AND ARGUMENT

An important issue under FCRA section 1681b(a)(3)(A) is if a debt collector like Diversified Consultant Inc., intent was to use the credit report information for a permissible purpose. If Diversified Consultant Inc.; had reason to believe it obtained the credit information for a permissible purpose, there is a liability under FCRA section 1681b(a). The language of the FCRA does not explicitly define "reason to

believe", however upon a close analysis one can discover its meaning and thus the intent of Congress in using it by consulting the definitions within Blacks Law 4th Edition which fit this situation;

   a. REASON: "an inducement, motive, or ground for action as in the phrase "reasons for an appeals." *Miller v. Miller, 8 Johns. (N.Y.) 77.*
   b. REASONALBE: "Thinking, speaking, or acting according to the dictates of reason; not immoderate, or excessive, being synonymous with rational; honest; equitable; fair; suitable; moderate; tolerable. *Cass v. State, 124 Tex. Cr. R. 208, 61 S.W.2d 500.*
   c. REASONABLE AND PROBABLE CAUSE: "It is a suspicion founded upon circumstances sufficiently strong to warrant reasonable man in belief that charge is true. *Murphy v. Murray, 74 Cal.App. 726, 241 P. 938, 940*
   d. REASONABLE ACT: Such as may fairly, justly, and reasonably be required of a party.
   e. BELIEF: A conviction of the truth of a proposition, existing subjectively in the mind, and induced by argument, persuasion or proof addressed to the judgment. *Keller v. State, 102 Ga. 506, 31 S.E. 92.* "Knowledge is an assurance of a fact or proposition founded on perception by the senses, or intuition; while "belief" is an assurance gained by evidence, and from other persons. *Brooks v. Sessoms, 47 Ga. App. 554, 171 S.E. 222, 224*
   f. BREACH OF DUTY: In general sense, any violation or omission of a legal or moral duty. More particularly, the neglect or failure to fulfill in a just and proper manner the duties of an office or fiduciary duty which equity lays upon him, whether willful and fraudulent, or done through negligence or arising through mere oversight or forgetfulness, is a breach of duty. *Hivick v. Hemme, 118 Okl. 167 P. 692, 693.*

Defendant Diversified Consultants provided several cases in an effort to support the doctrine of "reason to believe" to establish the existence of their claim to a "permissible purpose", none of these cases established the existence of a "reasonable belief".

### III.     CONCLUSION

Plaintiff, Jonathan McChriston respectfully submit his opposition to defendant Diversified Consultant Inc., Motion for Summary Judgment respectfully prays that the court grants in favor of plaintiff, and other relief that this honorable court sees fit to rule in plaintiff's favor..

4

Dated: October 8, 2018

Respectfully Submitted,

Jonathan McChriston
127 Edgecombe Ave. Apt. 4B
New york, NY 10030
jonathanmccriston@gmail.com

### CERTIFICATE OF SERVICE

I certify on October 8, 2018, a copy of the above Plaintiff Response to Defendant Motion for Summary Judgment was served on Defendant via electronic mail and their legal counsel address of record below.

Kirsten H. Smith, Esq. (#ks3337)
SESSIONS, FISHMAN, NATHAN & ISREAL
3850 N. Causeway Blvd., Suite 200
Metaire, LA 70002
Phone: 504-846-7943
Fax 504-828-3737
Email: Ksmith@sessions.legal
Counsel for Defendant,
Diversified Consultants. Inc.

Jonathan McChriston

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------

JONATHAN MCCHRISTON,

        Plaintiff,        18-CV-0185 (VEC) (BCM)

  -against-

DIVERSIFIED CONSULTANTS, INC.,

        Defendant.

-----------------------------------------------

RECEIVED
SDNY DOCKET UNIT
2018 OCT 12  AM 10: 45

### AFFIDAVIT OF JONATHAN MCCHRISTON

STATE OF <u>NEW YORK</u>  )

COUNTY OF <u>NEW YORK</u>)

BEFORE ME, the undersigned, personally appeared Affiant, Jonathan McChriston, who being first duly sworn, deposes and states:

1. I have never had an account number 28757972 with Defendant Diversified Consultants Inc.
2. I have never had an account number 45487673 with Defendant Diversified Consultants Inc.
3. I never gave Diversified Consultants Inc. , permission to access my Trans Union credit reports on December 10, 2014 and June 24, 2016.
4. Diversified Consultant has not produce any documentations or verified proof that they were hired by Verizon or Time Warner, or if they are a third party debt buyer.
5. I never had any business relations with Diversified Consultants Inc.
6. I have never had any accounts with Diversified Consultants Inc.
7. I have never had any contract with Diversified Consultants.

Page 1.

*Jonathan McChriston* (signature)

Jonathan McChriston

STATE OF New York,

COUNTY OF New York

The Foregoing instrument was sworn to and subscribed before me this 8th day of October 2018, by Jonathan McChriston, who personally appeared before me with identification.

**NOTARY PUBLIC**

*Sekou Sankofa Bey* (signature)

SEKOU SANKOFA BEY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BE6336518
Qualified in Queens County
My Commission Expires February 22, 2020

My commission expires on the 22 day of February 2020.

Page 2.

JONATHAN MCCHRISTON
127 EDGECOMBE AVE. APT 4B
NEW YORK, NY 10030



RECEIVED
SDNY DOCKET UNIT
2018 OCT 12 AM 10:45

UNITED STATES DISTRICT COURT
of the Southern District of New York
PRO SE INTAKE UNIT
500 Pearl Street Room 200
New York, NY 10007





U.S. POSTAGE PAID
FCM LG ENV
JACKSON HEIGHTS, NY
11372
OCT 09, 18
$1.21
R2303S103396-11