UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN MCCHRISTON,

          Plaintiff,

-against-

DIVERSIFIED CONSULTANTS, INC.,

          Defendant.

18-CV-185 (VEC) (BCM)

**REPORT AND RECOMMENDATION TO THE HON. VALERIE E. CAPRONI**

**BARBARA MOSES, United States Magistrate Judge.**

*Pro se* plaintiff Jonathan McChriston claims that in December 2014, and again in June 2016, defendant Diversified Consultants, Inc. (Diversified) obtained his credit report from a credit reporting agency without a permissible purpose, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA). Now before me for report and recommendation is Diversified's motion for summary judgment. (Dkt. No. 27.) Diversified contends that it had a permissible purpose on both occasions because it obtained plaintiff's credit report in connection with the collection of debts owed by plaintiff and placed with Diversified for collection. I agree. Therefore, as more fully set out below, I respectfully recommend that defendant's motion be GRANTED and the case be DISMISSED.

**I.    BACKGROUND**

    **A.    Procedural Background**

Plaintiff filed his Complaint on January 9, 2018, alleging a single cause of action: that Diversified violated the FCRA when it obtained plaintiff's consumer credit report from credit reporting agency TransUnion on December 10, 2014 and June 24, 2016, without a "permissible purpose" as that term is defined in 15 U.S.C. § 1681b. Compl. (Dkt. No. 2) ¶¶ 9, 15-16, 21-22. Plaintiff claims that he "never had any business dealings or accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona

fide offer of credit from" Diversified, and that he never gave Diversified his consent "to acquire his credit report from any credit reporting agency." Compl. ¶¶ 17-18.

On February 13, 2018, the Hon. Valerie E. Caproni, United States District Judge, referred this action to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for general pretrial proceedings and report and recommendation on dispositive motions. (Dkt. No. 6.)

Diversified filed its answer on March 6, 2018. (Dkt. No. 10.)

At the initial case management conference on April 27, 2018, Diversified advised the Court of its position that it had a permissible purpose to obtain plaintiff's credit report because it did so in its capacity as a debt collector. Tr. of Apr. 27, 2018 Conf. (Dkt. No. 33) at 9:24-10:6. Diversified stated that it intended to file a motion for summary judgment on that basis after the parties engaged in discovery. *Id.* at 10:8-13.[1]

At a status conference on August 6, 2018, defendant reiterated its intention to file a motion for summary judgment, and the Court advised plaintiff that when and if he responded to defendant's motion, "it is not enough to rest on your pleadings. That is it is not enough to simply make allegations which you may believe entitle you to a different result. You have to produce evidence at this point. Do you understand what I'm telling you?" Tr. of Aug. 6, 2018 Conf. (Dkt. No. 35) at 7:11-17. Plaintiff responded that he understood. *Id.* at 7:18.

On September 14, 2018, after the close of discovery, Diversified filed its motion for summary judgment, supported by its Local Rule 56.1 Statement of Undisputed Material Facts (Def. Stmt.) (Dkt. No. 28), its memorandum of law (Def. Mem.) (Dkt. No. 29), and the Affidavit

---

[1] During the April 27 conference, the Court asked plaintiff why his Complaint twice referred to "Defendant, CONVERGENT OUTSOURCING," when the caption (and the remainder) of the pleading asserted a claim only against Diversified. Plaintiff acknowledged the reference to Convergent Outsourcing was a mistake. Apr. 27 Tr. at 13:13-17. The Court therefore deemed the Complaint amended to remove those references. *Id.* at 13:18-20.

of its Chief Operations Officer and Chief Compliance Officer David Goodwin (Goodwin Aff.) (Dkt. No. 29-1). On October 12, 2018, plaintiff filed an opposition memorandum (Pl. Mem.) (Dkt. No. 31, at ECF pages 1-5) and affidavit (Pl. Aff.) (Dkt. No. 31, at ECF pages 6-7). On October 15, 2018, Diversified filed a reply memorandum. (Dkt. No. 32.)

### B. Facts

The following facts are undisputed.

Plaintiff has no direct business relationship with Diversified. Pl. Aff. ¶ 5. He never had any accounts or contracts with Diversified. *Id.* ¶¶ 1-2, 5-7.

Diversified "provides third-party debt collection services" to non-parties Verizon Telecom (Verizon) and Time Warner Cable (Time Warner). Goodwin Aff. ¶¶ 4-5.

On December 10, 2014, Verizon "placed an account in plaintiff's name" with Diversified "for collection." Def. Stmt. ¶ 1; Goodwin Aff. ¶ 6. On December 10, 2014, Diversified "requested plaintiff's TransUnion credit report in connection with plaintiff's Verizon account." Def. Stmt. ¶ 2; Goodwin Aff. ¶ 7. Diversified "closed and returned" that account to Verizon on June 10, 2015. Def. Stmt. ¶ 3; Goodwin Aff. ¶ 8.

On June 24, 2016, "Time Warner Cable placed an account in plaintiff's name" with Diversified "for collection." Def. Stmt. ¶ 4; Goodwin Aff. ¶ 9. The same day, Diversified "requested plaintiff's TransUnion credit report in connection with plaintiff's Time Warner account." Def. Stmt. ¶ 5; Goodwin Aff. ¶ 10. On July 20, 2016, Diversified "placed a cease and desist on the Time Warner account." Def. Stmt. ¶ 6; Goodwin Aff. ¶ 11.

## II.     ANALYSIS

### A.     Standard for Summary Judgment

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 128-29 (2d Cir. 1996). The party moving for summary judgment bears the burden of showing the absence of any genuine dispute of material fact by citing to particular materials in the record. Fed. R. Civ. P. 56(a), (c); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

If the moving party meets its initial burden, the burden then shifts to the non-moving party to establish a genuine dispute of fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001). "[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). Moreover, "the non[-]movant cannot rest on allegations in the pleadings." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006). Rather, the non-movant must present admissible evidence sufficient to demonstrate that there is a genuine dispute as to the material facts. *See Celotex Corp.*, 477 U.S. at 324; *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009); *Salahuddin*, 467 F.3d at 273 (the non-movant "must point to specific evidence in the record to carry its burden on summary judgment").

When reviewing the evidence submitted in support of and in opposition to a motion for summary judgment, the court must construe it in the light most favorable to the non-moving party, *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)), and draw all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008). No genuine issue of material fact exists when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (citation omitted). Conversely, in order to defeat a summary judgment motion, the evidence – construed in favor of the non-moving party – must be sufficient to permit a reasonable jury to return a verdict in the that party's favor. *Liberty Lobby*, 477 U.S. at 248; *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001).

In this District, Local Civil Rule 56.1(a) requires the party moving for summary judgment to submit a statement, in numbered paragraphs, setting forth "the material facts as to which the moving party contends there is no genuine issue to be tried." The opposing party must specifically controvert each numbered paragraph in a corresponding paragraph of its own. Local Civ. R. 56.1(b). If the opposing party fails to do so, the uncontroverted paragraph is deemed admitted. Local Civ. R. 56.1(c); *see also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) (if the non-moving party fails to submit a Rule 56.1 counter-statement, all material facts offered by the movant, if supported by the record, will be deemed admitted). Where the party opposing summary judgment merely states that he cannot confirm a fact set forth in the moving party's Rule 56.1 statement, that fact is deemed admitted. *See Universal Calvary Church v. City of N.Y.*, 2000 WL 1745048, at *2 n.5 (S.D.N.Y. Nov. 28, 2000) (plaintiffs' assertion that they can "neither admit nor deny" facts asserted in defendant's Rule 56.1 statement was insufficient to establish a dispute); *Aztar Corp. v. N.Y. Entm't, LLC*, 15 F. Supp. 2d 252, 254 n.1 (E.D.N.Y. 1998) ("responses of 'lack knowledge or information sufficient to either admit or deny'" are insufficient to create a material dispute of fact for purposes of a summary judgment motion).

"Pro se litigants are 'not excused from meeting the requirements of Local Rule 56.1.'" *Diggs v. Volpe*, 2013 WL 4015758, at *1 n.1 (S.D.N.Y. Aug. 7, 2013) (quoting *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009)). Nonetheless, "where a pro se plaintiff fails to submit a proper Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." *Wali*, 678 F. Supp. 2d at 178. *See also Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("while a court is not required to consider what the parties fail to point out in their Local Rule 56.1 Statements, it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement") (internal quotation marks omitted). Here, plaintiff failed to file any Rule 56.1 statement. Nonetheless, because he is *pro se*, the Court will consider the substance of his arguments if and to the extent they are supported by his affidavit or other evidence in the record.

For a *pro se* litigant, courts "read [the litigant's] supporting papers liberally and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citing *Mikenberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir. 1993)); *accord McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999); *Diggs*, 2013 WL 4015758, at *6. However, "'bald assertions,' unsupported by evidence, will not overcome a motion for summary judgment," regardless of whether the party opposing summary judgment is counseled or *pro se*. *Diggs*, 2013 WL 4015758, at *6 (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### B. Diversified is Entitled to Summary Judgment

#### 1. The FCRA

Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*,

551 U.S. 47, 52 (2007). The FCRA "creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Campbell v. Portfolio Recovery Assocs., LLC*, 2017 WL 5067475, at *2 (E.D.N.Y. Sept. 8, 2017) (quoting *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 395 (S.D.N.Y. 2014)). The FCRA extends not only to the conduct of consumer reporting agencies who collect and store consumer data, but also to the conduct of parties who request credit information from such agencies. *Campbell*, 2017 WL 5067475, at *2 (citations omitted).

Section 1681b of the FCRA, which lists the circumstances under which a consumer reporting agency may furnish a consumer credit report, "protects consumer privacy by limiting access to consumer credit reports." *Campbell*, 2017 WL 5067475, at *2 (quoting *Moses Perl v. Am. Exp.*, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012)). *See also* 15 U.S.C. § 1681b. "To prove a violation of section 1681b, a plaintiff must show that credit information was obtained for an impermissible purpose," *Stonehart v. Rosenthal*, 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001), that is, a purpose not listed in the statute. "Conversely, a showing of a permissible purpose is a complete defense." *Id.* "The question of whether a report has been obtained for a permissible purpose is a legal one, which can be resolved on summary judgment." *Id.*

Section 1681b expressly permits a credit reporting agency to furnish a consumer's credit report to "a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). "Courts have unanimously held that 'obtaining a plaintiff's credit report for the purpose of collecting the debt owed' is a permissible purpose under Section 1681b, and therefore, 'constitutes a complete defense' to a FCRA claim." *Campbell*, 2017 WL 5067475, at

7

\*2. *See also Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999) (granting summary judgment to a debt collection agency because the "referral of [plaintiff's] debt gave [the debt collector] a permissible purpose for obtaining the credit information pursuant to 15 U.S.C. § 1681b"), *aff'd,* 234 F.3d 1261 (2d Cir. 2000).

### 2. Diversified Had a Permissible Purpose

It is undisputed that when Diversified sought to obtain plaintiff's credit report from TransUnion on December 10, 2014, it had been referred a debt of plaintiff's for collection from Verizon. Def. Stmt. ¶¶ 1-2; Goodwin Aff. ¶¶ 6-7. Similarly, when it asked again for plaintiff's credit report on June 24, 2016, it had been a referred a debt of plaintiff's for collection from Time Warner. Def. Stmt. ¶¶ 4-5; Goodwin Aff. ¶¶ 9-10. "The referral of [plaintiff's] debt for collection gave [Diversified] a permissible purpose for obtaining [his] credit report pursuant to section 1681b." *Stonehart*, 2001 WL 910771, at \*4. Thus, Diversified had a permissible purpose to obtain plaintiff's credit report under § 1681b, which is a complete defense to plaintiff's FCRA claim. *See Campbell*, 2017 WL 5067475, at \*2; *Stonehart*, 2001 WL 910771, at \*5.

### 3. Plaintiff Has Not Established a Genuine Issue of Fact to Defeat Summary Judgment

Plaintiff does not dispute any of the facts asserted by Diversified. Nor does he deny that he had accounts with, and owed debts to, Verizon and Time Warner. Rather, he argues that – under his view of the FCRA – these facts do not entitle Diversified to judgment in its favor. Each of his five principal arguments fails.

First, plaintiff contends that because he "never had any accounts with defendant," Diversified could not have had a permissible purpose to obtain his credit report under 15 U.S.C. § 1681b. Pl. Mem. at 1. However, there is no requirement that a consumer have an account or contract "with" a debt collection agency in order for that agency to have a "permissible purpose"

under § 1681b. The plain language of the statute establishes no such requirement: "Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other: [] *To a person* which it has reason to believe . . . intends to use the information *in connection with a credit transaction* involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A) (emphasis added). For this reason, courts require no such "direct contact" to establish a permissible purpose under § 1681b. *See, e.g., Norman v. Northland Grp. Inc.*, 495 F. App'x 425, 427 (5th Cir. 2012) (affirming dismissal of creditor's FCRA claim against a debt collector, despite the lack of a "direct debtor-creditor relationship" between plaintiff and defendant); *Boston v. Leading Edge Recovery Sols., LLC*, 2012 WL 6018178, at *3 (W.D.N.C. Dec. 3, 2012) ("Plaintiff need not have had direct contact with Defendant in order for Defendant to lawfully obtain a copy of a consumer report.").

Second, plaintiff asserts that Diversified has not "provided any proof" that it was hired by Verizon or Time Warner to collect a debt from plaintiff. Pl. Mem. at 1; Pl. Aff. ¶ 4. Plaintiff appears to misunderstand what constitutes admissible evidence in support of a summary judgment motion. The Goodwin Affidavit, which was made by Diversified's Chief Operations and Compliance Officer "based on a review" of its records "regarding the accounts in the name of plaintiff," Goodwin Aff. ¶ 2, is sufficient support for defendant's assertion that Verizon and Time Warner placed accounts in plaintiff's name with Diversified for collection. *Id*. ¶¶ 5-11. *See* Fed. R. Civ. P. 56(c)(1)(A) (permitting a party to rely on affidavits or declarations at summary judgment); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Cianciosi v. Home Depot U.S.A., Inc.,*

9

199 F.3d 1321 (2d Cir. 1999) (unpublished table decision) ("Rule 56(e) provides that a motion for summary judgment may be accompanied by sworn affidavits setting forth admissible facts based on personal knowledge."); *New York ex rel. Spitzer v. Saint Francis Hosp.,* 94 F. Supp. 2d 423, 426 (S.D.N.Y. 2000) ("Affiants may testify as to the contents of records they reviewed in their official capacity.").

Third, plaintiff argues that § 1681b(a)(3)(A) protects only the credit reporting agency that furnishes a credit report, not the person that obtains the report. *See* Pl. Mem. at 2 ("Diversified Consultant Inc., cannot rely on a section of the statute that clearly does not apply to them."). However, § 1681b(f) provides that a "person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f)(1). Courts have understood this provision to extend the protection of the relevant "permissible purpose" provision to the "person" requesting the credit report as well as the agency furnishing such a report. *See Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 42 n.7 (E.D.N.Y. 2005) ("Under § 1681b(f), this language extends this permissible purpose to *persons.*") (emphasis in original). Any other construction would lead to the illogical result that a person with a permissible purpose for seeking a credit report could not ask for it, even though a credit reporting agency could furnish it.

Fourth, plaintiff takes issue with what he believes to be the standard procedures of debt collectors and credit reporting agencies. Pl. Mem. at 2-3 (complaining that because the process is automated, agencies fail to ask debt collectors "on an individual basis" if each debt "is legitimate" or "even exists," and thus there "is no individual certification"). These generalized grievances, whether or not otherwise justified, do not raise a genuine issue of material fact in *this* case, against

*this* defendant, which has shown that it had a permissible purpose for twice obtaining plaintiff's credit report.

Fifth and finally, plaintiff suggests that defendant itself did not have a "reason to believe" that it had a permissible purpose to obtain plaintiff's consumer credit report. *Id*. at 3-4. It is true that "[s]everal courts have found that section 1681b(f) applies the 'reason to believe' aspect of section 1681b(a)(3)(A) to users." *Bentley v. Tri-State of Branford, LLC,* 2016 WL 2626805, at *2 (D. Conn. May 6, 2016). In this case, however, Diversified has established that Verizon and Time Warner placed plaintiff's accounts with it for collection. This not only gave it a permissible purpose to seek his credit report; it also gave Diversified "reason to believe" that it had a permissible purpose. Diversified is therefore entitled to summary judgment whether or not § 1681b(a)(3)'s "reason to believe" language applies to it. *See, e.g., id.* at *3 (determining that defendants were entitled to summary judgment under the FCRA whether or not § 1681b's "reason to believe" requirement applied directly to them).[2]

---

[2] In his Complaint, plaintiff asserted an additional theory: that Diversified could not have been collecting on an "account" under 15 U.S.C. § 1681b(a)(3)(A) because "account" is defined in § 1693a to "mean[] a demand deposit, savings deposit, or other asset account," which, according to plaintiff, "does not include an account such as a credit card open end credit account." Compl. ¶¶ 19-20. This theory does not appear in plaintiff's summary judgment opposition, perhaps because it "has been universally rejected by every court that has directly addressed it." *Valle v. RJM Acquisitions*, *LLC*, 2015 WL 739855, at *3 (D. Conn. Feb. 19, 2015) (quoting *Harris v. NCO Fin. Sys.*, 2013 WL 6858852, at *3 (D. Md. Dec. 23, 2013)). As explained in *Anutani v. Diversified Consultants Inc.,* 2017 WL 75781 (E.D. Pa. Jan. 9, 2017), plaintiff's contention – that § 1693a's definition has the effect of limiting § 1681b(a)(3) to the collection of deposit and asset accounts – would "render the provision incoherent, since asset accounts do not generally involve a 'collection.'" *Id.* at *1 n.2. *See also Valle,* 2015 WL 739855, at *3 ("In light of the broader context of the statute, the term 'account' as used in § 1681b(a)(3) must be interpreted to include debts such as credit card accounts and student loans.").

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that defendant's motion for summary judgment be GRANTED and that the case be DISMISSED. The Clerk of the Court is requested to mail a copy of this Report and Recommendation to the plaintiff.

Dated: New York, New York
June 7, 2019

*[signature]*

**BARBARA MOSES**
**United States Magistrate Judge**

### NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Valerie E. Caproni at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned Magistrate Judge. Any request for an extension of time to file objections must be directed to Judge Caproni. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x, 486, 487 (2d Cir. 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).