```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 7/8/2019 |

JONATHAN McCHRISTON,

                Plaintiff,

-against-

DIVERSIFIED CONSULTANTS,

                Defendant.

18-CV-185 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    *Pro se* Plaintiff Jonathan McChriston filed this lawsuit on January 9, 2018, alleging that Defendant Diversified Consultants, Inc. violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by twice obtaining his credit report without a permissible purpose. *See* Dkt. 2 (Compl.). On February 13, 2018, this Court referred the case to Magistrate Judge Barbara C. Moses for general pretrial proceedings and for the preparation of reports and recommendations on any dispositive motions pursuant to 28 U.S.C. § 636(b). *See* Dkt. 6. On September 14, 2018, after the parties completed discovery, Defendant moved for summary judgment. *See* Dkts. 27-29. On June 7, 2019, Judge Moses recommended that Defendant's motion be granted. *See* Dkt. 37 (Report & Recommendation ("R&R")). Pursuant to Fed. R. Civ. P. 72(b)(2) and 6(d), Plaintiff's deadline to object to the report was June 27, 2019. The Court has received no objections from either party.

## DISCUSSION

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.

R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Where no timely objection has been made by either party, a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted).

Neither party has objected to Judge Moses's Report and Recommendation, so the Court reviews it for clear error. The Court finds none. First, the Report correctly concludes that, by failing to submit his own statement disputing paragraphs one and four of Defendant's Local Civil Rule 56.1 statement—as Local Civil Rule 56.1(b) required Plaintiff to do—Plaintiff has admitted for purposes of this motion that both Verizon Telecom and Time Warner Cable placed accounts in Plaintiff's name with Defendant for collection.[1] *See* Dkt. 37 (R&R) at 8; Dkt. 28 (Def. 56.1 Statement); *see also* Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."). The Court agrees with the Report's conclusion that, as a matter of law, each of those account placements gave Defendant a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) for obtaining a credit report on Plaintiff.[2] *See, e.g.*, *Stonehart v. Rosenthal*, No. 01-CV-651, 2001 WL 910771, at *4

---

[1] Similarly, the Report correctly rejects Plaintiff's contention that Defendant has failed to "provide[] any proof" that it is "collecting debts for Verizon and [T]ime [W]arner." Dkt. 31 (Memo. in Opp. to MSJ) at 1; *see also* Dkt. 37 (R&R) at 9-10. The affidavit from David Goodwin, Defendant's chief operations officer and chief compliance officer, is admissible evidence that Verizon and Time Warner referred accounts to Defendant for collection. *See* Dkt. 29 ex. 1 ¶¶ 6, 9; *see also* Fed. R. Civ. P. 56(c)(1), (4) (permitting a party to support a factual assertion with, among other things, affidavits that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

[2] This is so even if, as Plaintiff contends, "Plaintiff never had any accounts with [D]efendant." Dkt. 31 (Mem. in Opp. to MSJ) at 1. As the Report points out, by its terms, Section 1681b(a)(3)(A) does not require that a

(S.D.N.Y. Aug. 13, 2001) ("The referral of [plaintiff's] debt for collection gave [defendant debt collector] a permissible purpose for obtaining [plaintiff's] credit report pursuant to section 1681b.").

Furthermore, the Report correctly concludes that, under 15 U.S.C. § 1681b(f)(1), Defendant is entitled to the protection of Section 1681b(a)(3)(A) even though it is not a "consumer reporting agency." *See* Dkt. 37 (R&R) at 10; *see also* 15 U.S.C. § 1681b(f)(1) (prohibiting any "person" from obtaining a consumer credit report unless, in relevant part, the report "is obtained for a purpose for which the consumer report is authorized to be furnished under this section," which includes Section 1681b(a)(3)(A)); *Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 42 n.7 (E.D.N.Y. 2005) (holding that Section 1681b(f) extends Section 1681b(a)(3)(A)'s language to persons, not just consumer reporting agencies).

Next, the Court agrees with the Report that, because Defendant undisputedly had a permissible purpose to obtain Plaintiff's credit reports, it is immaterial whether Section 1981b(a)(3)(A)'s "reason to believe" language extends to "persons" who obtain such reports under Section 1681b(f): to avoid FCRA liability, a person with an objectively permissible purpose for obtaining a credit report need not also have a reasonable, subjective belief that his purpose was permissible. *See* Dkt. 37 (R&R) at 11; *see also* Dkt. 31 (Mem. in Opp. to MSJ) at 3-4.

Finally, the Court sees no clear error in the Report's election to treat as abandoned the Complaint's suggestion that Section 1681b(a)(3)(A) is inapplicable because 15 U.S.C. § 1693a(2) defines "account" to mean a "demand deposit, savings deposit, or other asset

---

consumer hold an account with a debt collector in order for the debt collector lawfully to obtain a credit report on the consumer. *See* Dkt. 37 (R&R) at 8-9.

account." *See* Dkt. 2 (Compl.) ¶¶ 19-20; *see also* Dkt. 37 (R&R) at 11 n.2. Plaintiff failed to marshal that argument in opposing summary judgment.[3]

## CONCLUSION

Because careful review of the Report reveals no clear error, the Court adopts the Report in full and grants Defendant's motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment in Defendant's favor, terminate all open motions, and close this case.

The Report and Recommendation having given the parties adequate warning, *see* Dkt. 37 (R&R) at 12, the parties' failure to file written objections to the report precludes appellate review of this decision. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

**Date: July 8, 2019**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[3] Even if the argument has not been abandoned, the Report correctly noted that it is meritless. *See* Dkt. 37 (R&R) at 11 n.2.

The Report also properly rejects Plaintiff's irrelevant musings on the propriety of the credit-reporting and debt-collection industries generally. *See* Dkt. 37 (R&R) at 10-11; *see also* Dkt. 31 (Mem. in Opp. to MSJ) at 2-3. Plaintiff's criticisms of the system as a whole have no bearing on this case.